U.S. Bank N.A. v Charles (2019 NY Slip Op 04997)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

U.S. Bank N.A. v Charles

2019 NY Slip Op 04997

Decided on June 20, 2019

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2019
Sweeny, J.P., Gische, Webber, Oing, Moulton, JJ.


9550 35131/14E

[*1]U.S. Bank National Association, etc., Plaintiff-Appellant,
vPierre Charles, Defendant-Respondent, New York City Environmental Control Board, et al., Defendants.

Sandelands Eyet LLP, New York (Mindy L. Kallus of counsel), for appellant.
Richland & Falkowski, PLLC, Washingtonville (Daniel H. Richland of counsel), for respondent.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered November 15, 2017, which, upon granting defendant Pierre Charles's motion for renewal and reargument, vacated an order, same court and Justice, entered on or about June 1, 2017, and granted Charles's motion to amend his answer to the extent of deeming it served and filed as of November 9, 2017, unanimously affirmed, without costs.
Charles contends that this mortgage foreclosure action is time-barred, because the six year statute of limitations was triggered by a prior foreclosure action, in which plaintiff accelerated the mortgage debt. Plaintiff counters that, because it had failed to comply with a contractual 30-day notice requirement in accordance with section 22 of the mortgage, the mortgage was not accelerated by the prior action.
In the prior order, Supreme Court granted plaintiff's motion for summary judgment, finding that plaintiff's voluntary discontinuance of the prior action for its failure to comply with section 22 of the mortgage did not accelerate the mortgage in the prior action.
Charles moved for leave to renew and reargue on the grounds that acceleration took place when the 2007 foreclosure action was commenced regardless of whether or not plaintiff had complied with the 30-day notice requirement of section 22. He argued that the provision only requires notice of a default, but it is not a condition precedent required to accelerate the loan.
Acceleration only takes place when the holder of the note and mortgage takes "affirmative action . . . evidencing the holder's election" to do so (Wells Fargo Bank N.A. v Burke, 94 AD3d 980, 982 [2d Dept 2012]). This may be accomplished in the form of a notice to the borrower (see Deutsche Bank Natl. Trust Co. v Royal Blue Realty Holdings, Inc., 148 AD3d 529, 530 [1st Dept 2017], lv denied 30 NY3d 959 [2017]). Affirmative action can also occur when the first foreclosure action is commenced (see Capital One, N.A. v Saglimbeni, 170 AD3d 508, 509 [1st Dept 2019]; HSBC Bank USA v Kirschenbaum, 159 AD3d 506, 506 [1st Dept 2018]). The prior foreclosure action sought the accelerated mortgage amount.
There is an issue of fact in this particular case regarding whether plaintiff's discontinuance of the prior foreclosure action de-accelerated the mortgage (see Capital One, N.A., supra). We note that neither the motion seeking discontinuance or the order entered granting that relief provided that the mortgage was de-accelerated or that plaintiff would now be [*2]accepting installment payments from the defendant (Bank of NY Mellon v Craig, 169 AD3d 627, NY [2d Dept 2019]). We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 20, 2019
CLERK